IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT G. SAVANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:04-cv-394-DRH |
| | ) |
| PURDUE PHARMA COMPANY, THE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the discovery dispute between the parties concerning various communications between the Plaintiff, Robert G. Savant, and his wife, Lois Savant. This discovery dispute was the subject of a conference held on November 8, 2005.

The Defendants seek various letters that the Plaintiff had written to his wife during the relevant time period of this lawsuit. The Defendants argue that these letters are relevant because the Plaintiff has alleged damages due to depression and related issues with his family. The Plaintiff raised these issues in pages 102, 108, and 131 of his deposition. The Defendants also pointed out that, because subject matter in this case is based upon diversity, Illinois privilege laws apply. Illinois law provides that spousal communications are privileged with certain exceptions that are not relevant here. 735 ILL. COMP. STAT. 5/8-801. However, the Defendants assert that by claiming damages for his mental state and his familial problems, the Plaintiff has waived this privilege and the letters must be produced. The Plaintiff, however, argued that he did not waive this privilege and that the letters are not discoverable. The Plaintiff has provided the subject letters for *in camera* inspection.

It appears that the issue of whether the spousal communications privilege may be waived by the Plaintiff if he brings his mental state and family relationships at issue is a matter of first

impression.  The Court has found no authority that specifically applies to the circumstances of this case.  As such, the parties are **ORDERED** to brief this issue.  Specifically, the parties' briefs shall include, but are not limited to, the following:

    1.  Whether the spousal communications privilege can be waived?

    2.  Whether the Plaintiff has opened the door to these communications?

    3.  Whether, and in what manner, the Plaintiff has waived this privilege?

The briefs are due on **December 2, 2005** and are limited to **10** pages.

**DATED: November 10, 2005**

                                                     **s/ Donald G. Wilkerson**
                                                     **DONALD G. WILKERSON**
                                                     **United States Magistrate Judge**