IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT G. SAVANT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Case No.   04-394-DRH-PMF** |
| ) | |
| **THE PURDUE PHARMA** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

**FRAZIER, Magistrate Judge:**

Defendants' motion to compel production of letters (Doc. No. 83) violates the February 16, 2005, order regarding discovery and is ORDERED STRICKEN. If disputes remain, counsel shall contact Judge Frazier's courtroom deputy and arrange for a prompt telephone conference.

Also pending is plaintiff's motion for a protective order to quash the deposition of nonparty Theresa Stults. Plaintiff argues that this deposition is not reasonably calculated to lead to the discovery of admissible evidence.

For good cause shown, and following an effort to resolve the dispute without court action, a protective order will be entered when justice requires to protect a person subject to discovery from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

Defendant believes that Theresa Stults may have sold OxyContin to the plaintiff. The Court is not persuaded that a deposition of nonparty Theresa Stults will subject any person to annoyance, embarrassment, oppression, or undue burden or expense. This motion (Doc. No. 84) is DENIED.

Also pending is plaintiff's motion for a protective order to quash a subpoena for prescription records of nonparty Kristopher Greff. Because the materials on file do not indicate that plaintiff

made a good faith effort to resolve this dispute, the motion (Doc. No. 112) is DENIED at this time. Furthermore, the Court is not persuaded that plaintiff is entitled to object to a subpoena and assert a privilege on behalf of a nonparty.

    SO ORDERED:   __November 15, 2006__  .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
